UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE:                                              )
                                                    )        CASE NO.  04-60428 JPK
SHEILA GREGORY STUBBS                               )        Chapter13
                                                    )
                        Debtor.                     )
*******************************************************
SHEILA GREGORY STUBBS, and                          )
PAUL R. CHAEL as Chapter 13 Trustee                 )
                                                    )
                        Plaintiffs,                 )
                                                    )
            v.                                      )        ADVERSARY NO.  04-6069
                                                    )
CHASE MANHATTAN MORTGAGE                             )
CORPORATION; DEUTSCHE BANK NATIONAL                  )
TRUST COMPANY, as Custodian Trustee *f/k/a*         )
BANKERS TRUST COMPANY OF CALIFORNIA;                )
ADVANTA FINANCE CORP.; and                          )
BANKERS TRUST COMPANY OF CALIFORNIA                 )
*a/k/a* CALIFORNIA BANKERS TRUST COMPANY            )
                                                    )
                        Defendants                  )

Appearances:
Robert A. Davidson, Esq., Freeland & Associates, P.C., Highland, IN, and Julia M. Hoham,
Esq., Attorney for Chapter 13 Trustee, Merrillville, IN, for Plaintiffs.
Brian T. Brothers, Esq., Feiwell & Hannoy, Indianapolis, IN, for Defendants.


DECISION AND ORDER

            This adversary proceeding was commenced by a Complaint, based upon 11 U.S.C.

§ 544(a)(3), filed on March 15, 2004 by Sheila Gregory Stubbs ("Stubbs"), who is the debtor in

the Chapter 13 case pending in this Court as Case No. 04-60428[1].  On May 5, 2004, Stubbs

---

[1]  On December 13, 2004, the Chapter 13 Trustee filed his Consent to Debtor's Exercise
of Avoidance Powers.   On April 27, 2005, Stubbs filed a Motion to Join Trustee as Party
Plaintiff, a motion pursuant to Fed.R.Bankr.P. 7020/Fed.R.Civ.P. 20, which was granted by the
Court's order of May 10, 2005.  *See, In re Jakab*, 293 B.R. 621 (Bankr. D.Vt. 2003)(holding that
trustee and debtors are properly joint plaintiffs); *U.S. v. Dewes* (*In re Dewes*), 315 B.R. 834 (N.D.
Ind. 2004)(holding that a Chapter 13 debtor had standing to pursue strong-arm avoidance
claims).

filed an amended complaint adding one additional count – a Judicial Determination of Treatment of Secured Claim for purposes of 11 U.S.C. §§ 1322 and 1325. The defendant Chase Manhattan Mortgage Corporation ("Chase") appeared by counsel on August 4, 2004, and the defendant Deutsche Bank National Trust Company, as Custodian Trustee f/k/a Bankers Trust Company of California appeared by counsel on October 28, 2004. The defendants Bankers Trust Company of California a/k/a California Bankers Trust Company and Advanta Finance Corp. have not appeared.[2] The appearing defendants filed the answer to Stubbs' amended complaint on June 29, 2004.

By its Order Regarding Further Proceedings entered on January 24, 2005, the Court memorialized the parties' agreement that this proceeding would be presented to the Court by means of a stipulated record. The parties were ordered to file a stipulation of facts and their respective briefs, and responses thereto, if any. Lastly, the January 24 Order stated that "the Court will determine this adversary proceeding solely upon the record established by the parties' stipulation."

---

[2] At a status conference held on October 28, 2004, the Court noted the appearance of attorney Brian Brothers as counsel for Chase Manhattan Mortgage Corporation ("Chase"), for Deutsche Bank National Trust Company, as Custodian Trustee f/k/a Bankers Trust Company of California, and for Bankers Trust Company of California a/k/a California Bankers Trust Company. Given the "f/k/a" designation of Deutsche Bank, it appears that Bankers Trust Company of California a/k/a California Bankers Trust Company has been subsumed into that entity. The Court's order of November 16, 2004 which memorialized the October 28th status conference indicated that entry of default would be made with respect to Advanta Finance Corporation, which the record discloses had not been effected, but now will be. With respect to Bankers Trust Company of California a/k/a California Bankers Trust Company, the Court will deem its order of November 16, 2004 noting attorney Brothers' appearance for that entity to be effective to avoid an entry of default with respect to that defendant. In keeping with the noted appearances of attorney Brothers at the October 28, 2004 status conference, although the Answer to Amended Complaint filed on June 29, 2004 states that it is submitted solely by Chase, the Court deems that answer to have been the response of Deutsche Bank National Trust Company, as Custodian Trustee f/k/a Bankers Trust Company of California, and of Bankers Trust Company of California a/k/a California Bankers Trust Company, as well, to the amended complaint.

Given the parties' submissions following the Court's January 24, 2005 order, a brief note on the procedural posture of this case is necessary.

As noted above, the Court ordered the parties to submit this adversary proceeding for the Court's determination on a stipulated record.  Instead, the parties' submissions consistently refer to matters concerning motions for summary judgment.  On February 18, 2005, a Parties' Stipulation of Facts for Purposes of Summary Judgment, along with an exhibit attached thereto, was filed.  On April 27, 2005, plaintiffs filed a Joint Motion for Summary Judgment, a Statement of Facts to Which there is no Genuine Issue, a Joint Brief in Support of Plaintiff's Motion for Summary Judgment – together with an exhibit.  The record gets even more interesting, as on the same date, Chase filed its Brief in Support of Defendant's Motion for Summary Judgment.  Once again, to what summary judgment mechanism were the parties referring?  The record was made more interesting by the Plaintiff's June 1, 2005 filing of a document entitled "Response to Plaintiff's Motion for Summary Judgment."  That title is misleading, however, as the body of this filing reveals that it is a response not to the Plaintiff's motion, but rather the plaintiffs' response to the defendant's motion for summary judgment – once again, a motion which does not exist.  Given the Court's Order of January 24, 2005, and the parties' subsequent filings, the Court is faced with a quandary.  Should this matter be determined based on the Plaintiff's Summary Judgment Motion, or should it be determined based on the stipulated record?  The Court determines that it will disregard the titles of the parties' filings.  Pursuant to Fed.R.Bank.P. 7016/ Fed.R.Civ.P 16, during the course of the adversary proceeding, the Court directed "the attorneys for the parties . . .  To appear before it for . . . conferences before trial for [the purpose of] expediting the disposition of the action"; Fed.R.Civ.P. 16(a).  In the course of those conferences, specifically the conference memorialized by the Court's January 24, 2005 order, the Court "entered an order which stated that the case would be submitted on a stipulated record, as the Court was fully authorized to do by Fed.R.Civ.P. 16(e).  As stated in

that rule, the January 24, 2005 order "[controlled] the subsequent course of the action unless modified by a subsequent order", which it was not. Accordingly, this decision will be based on the stipulated record, along with the parties' briefs, exhibits, and responses thereto.[3]

_____

[3] It certainly appears that the parties were confused by the format the Court chose for final disposition of this adversary proceeding. As litigants who have appeared before this Court have perhaps now divined, or have been directly educated, the Court deems the summary judgment mechanism of Fed.R.Bankr.P. 7056/Fed.R.Civ.P. 56 to usually be a waste of everyone's time, particularly in view of the ease with which a "material issue of fact" can be created by the submission of an affidavit which simply counters certain of the facts stated in the movant's submission. This is beside the fact that most summary judgment submissions, and countering submissions, in the federal courts in this District fail to comply with applicable rules regarding that mechanism for case disposition to such an extent that they require an inordinate amount of Court time to sort out the record of "material facts" for the purpose of reviewing the legal arguments of the motion and its opposition. This is also beside the fact that many litigants seem to have trouble meeting the legal requirements for making the record required by Fed.R.Bankr.P. 7056/ Fed.R.Civ.P. 56(e), which requires that materials submitted in support of a summary judgment be "made on personal knowledge" and " be admissible in evidence" and demonstrate "affirmatively" that the "affiant is competent to testify" as to the matters sought to be submitted through an affidavit. This requirement means that the Federal Rules of Evidence apply [Fed.R.Bankr.P. 9017], and thus that evidentiary foundations must be established for documents, that hearsay doesn't count, and that experts be qualified as experts on a cold record – among other nuances of establishing the admissibility of evidence in a federal forum.

The Court's order of January 24, 2005 – based upon the parties' concurrence at the status conference held on January 20, 2005 – required the submission of a stipulated record of facts, followed by briefs which addressed the legal issues which the parties deemed material to the stipulated facts. There was no "summary judgment" in the works. In accordance with the Court's January 24, 2005 order, *the only facts* before the Court for the purpose of final determination of this adversary proceeding are those established by the "Parties' Stipulation of Facts for Purposes of Summary Judgment", which despite the misnomer in its title provides the Court with the only factual record necessary to decide this adversary proceeding. The "Statement of Facts to Which There is no Genuine Issue", filed on April 27, 2005, is totally outside the scope of the record as decreed by the Court, is not a submission to which the defendant has agreed (thereby precluding its being a "stipulation"), and is stricken from the record for all purposes.

When the Court states that a case will be submitted on a stipulated record, it does so only after the parties have advised the Court that **all** material facts are not in dispute, and that the matter to be submitted to the Court involves the application of legal principles to facts which are not in dispute. This mechanism for determining cases is ***NOT*** a summary judgment; rather, it is the submission of a case on a stipulated evidentiary record, without the sorting of oppositional "material facts" involved in a Rule 56 procedure. If in compiling their stipulated record, the parties arrive at the conclusion that the case cannot be submitted on a factual record to which there is no dispute, then the Court will review adjusting its format based upon a

-4-

This adversary proceeding is now before the Court for consideration upon the stipulated record.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157 (a) and N.D.Ind.L.R. 200.1. Further, this matter constitutes a "core" proceeding as defined by 28 U.S.C. § 157(b)(2)(K) and (O).

<u>FACTS</u>

The facts which gave rise to this adversary complaint are not in dispute and are largely embodied in the "Parties' Stipulation of Facts . . ." ("Stip"). On April 22, 1998, Stubbs, as mortgagor, executed a mortgage to Advanta Finance Corp. ("Advanta")[4] for the properties located at 4969 Adams Street, Gary, Indiana, and 3615 Connecticut Street, Gary, Indiana. [Stip. ¶¶ 1-3, Exhibit A]. The mortgage was recorded on April 23, 1998. [*Id*. ¶ 2]. The document was notarized by Notary Darin Loucks. [*Id*. ¶ 4]. On February 23, 2004, Chase filed a Proof of Claim – Claim # 4 – in Stubbs' Chapter 13 case. [Amended Complaint ¶ 5, Answer ¶ 5]. Claim # 4 designates Chase's claim in the amount of $84,888.43 to be a secured claim. [*Id*.].

The only relevant facts with respect to determination of this case concern the format of the signatures and acknowledgment in the defendants' mortgage. The wonders of modern technology allow the Court to reproduce exactly in this decision the critical portion of the

_____

motion which requests that adjustment. There was no such motion here. This is a case submitted on a stipulated record. It has no more similarity to a case in which parties submit cross motions for summary judgment than does a platypus to a duck. Emphasizing the primary similarity between a platypus and a duck, the parties laid an egg with respect to following the Court's directives regarding the submission of this case; however, the record is easily fixed, so the parties will not be billed for their error.

[4] Advanta has not appeared in this adversary proceeding, and an Entry of Default was made against it. As addressed by the Court's order of November 16, 2005, the entry of default with respect to Advanta does not cause any prejudice to the remaining defendants in the case.

mortgage document, and that is the following:



Plaintiffs in this case argue, and the Defendants deny, that the acknowledgment of the mortgage is deficient as it fails to state who appeared before the attesting official at the time the document was notarized.

## DISCUSSION

Stubbs' amended complaint seeks to avoid a mortgagee's lien based on an alleged improper acknowledgment.  This adversary proceeding is based on 11 U.S.C. § 544(a)(3), a "strong-arm" statute which provides the trustee with the standing of a hypothetical lien holder or a bona fide purchaser for value, which in turn permits the trustee to avoid prepetition consensual liens or conveyances by the debtor where there exists a defect in perfection.  11 U.S.C.  § 544(a)(3) provides:

-6-

§ 544. **Trustee as lien creditor and as successor to certain creditors and purchasers**

> **(a)** The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> \*\*\*
>
> > **(3)** a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Initially, the case was commenced by the debtor alone.  Subsequently, the Chapter 13 trustee was joined as a plaintiff.  The issue of whether or not a Chapter 13 debtor can invoke the trustee's § 544(a)(3) power to avoid a mortgage is subject to dispute among courts.  However, the United States District Court for the Northern District of Indiana recently resolved the issue:  In  *U.S. v. Dewes* (*In re Dewes*), 315 B.R. 834 (N.D.Ind. 2004), the Honorable Allen Sharp held that a Chapter 13 debtor has standing to pursue strong-arm avoidance claims.

The Plaintiffs seek avoidance of Chase's security interest in the real property by arguing that the acknowledgment is defective; that as a result, although recorded, the mortgage fails to provide constructive notice under applicable Indiana law; and that as a result, the mortgagee's interests are subordinate to the rights of a hypothetical bona fide purchaser.

In the case of *In re Baldin*, 135 B.R. 586 (Bankr. N.D.Ind. 1991), the Honorable Kent Lindquist, in a case involving essentially the same issue as that presented in this case,  stated:

> The Seventh Circuit has held that *actual* notice by the prepetition debtor of the encumbrance or defect, as opposed to *constructive* notice, is irrelevant when § 544(a) is invoked by a trustee or debtor-in-possession with the status of a hypothetical creditor, or bona fide purchaser. In *In re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332 supra, the Court stated as follows:
> > The rights enforced in bankruptcy are rights created by state law.  *Matter of Kaiser*, 791 F.2d 73, 74 (7th

Cir.1986). Accordingly, the courts generally look to state law to determine whether property is an asset of a debtor. *In re Brass Kettle Restaurant, Inc.*, 790 F.2d 574, 575 (7th Cir.1986); *see also, In re K & L Limited*, 741 F.2d 1023, 1030 n. 7 (7th Cir.1984); *Matter of Gladstone Glen*, 628 F.2d 1015, 1018 (7th Cir.1980). Here, however, Congress has required that we do otherwise.

Section 544(a) states that a trustee "shall" be able to avoid an encumbrance that would be voidable by a bona fide purchaser "without regard to any knowledge of the trustee or of any creditor." The natural interpretation of this language is that actual knowledge of the encumbrance will never prohibit a trustee from invoking § 544(a)(3).

The Third Circuit's analysis of the legislative history of § 544(a) in *McCannon v. Marston*, 679 F.2d 13 (3d Cir.1982), supports the view that Congress meant what it said. In *McCannon*, the issue before the court was whether the "actual knowledge" clause in § 544(a) gave a trustee the powers of a bona fide purchaser, regardless of the trustee's actual knowledge and regardless of any constructive notice that otherwise would be imputed to a subsequent purchaser. The *McCannon* court noted that the legislative history of § 544(a) itself was sparse, and therefore turned its attention to a 1973 draft bankruptcy code that contained a similar provision.

*Baldin*, 135 B.R. at 592.

The *Baldin* court continued by analyzing Indiana cases on the subject:

In *Sandy Ridge*, the Debtor-in-Possession filed in Adversary Proceeding asserting that a certain mortgage, though otherwise valid, was recorded in contravention of the Indiana Statute requiring the name of the person who prepared the document to be indicated on the document. The Debtor asserted that because the mortgage was improperly recorded it was voidable as to a bona fide purchaser. *See*, I.C. 36-2-11-15(b). The Bankruptcy Court, and the District Court, based their decisions on the only reported decision involving this statute, *United States v. Lake County Farm Bureau Co-op.*, 205 F.Supp. 808 (N.D.Ind.1962), which concerned a chattel mortgage on crops. In that case, the Court held that the filing of the mortgage in violation of the statute was a nullity and therefore the mortgage, although recorded, gave no constructive notice to the Defendant's creditors. The Seventh Circuit concluded that there was no controlling Indiana precedent on the issue, and certified the issue to the Supreme Court of Indiana. The issue upon certification to the Supreme Court of Indiana was decided in the case of *In re Sandy Ridge Oil Co., Inc.*, 510 N.E.2d 667 (Ind.1987), discussed

-8-

infra.

The courts in this district in keeping with *Sandy Ridge* have rather consistently held that actual knowledge is not imputable to the debtor-in-possession due to his status as a bona fide purchaser pursuant to § 544(a)(3).  *See e.g., In re Arnol & Mildred Shafer Farms*, 102 B.R. 712, 716 (Bankr.N.D.Ind.1989), rev'd. on other grounds, 107 B.R. 605, 608; *In re Herr*, 79 B.R. at 796-98, supra.

It is thus clear that the fact that the prepetition Debtors herein had actual knowledge of the Defendant's mortgage, and the recording thereof is irrelevant, and such knowledge cannot be imputed to them in their status as post petition debtors-in-possession.

It has always been the law of Indiana that even if a mortgage is improperly recorded, or has not been recorded, it is valid between the parties.  *In re Dunn*, 109 B.R. 865, 873 (Bankr.N.D.Ind.1988).

However, because the express language of § 544(a)(3) grants the trustee (or the debtor-in-possession) the rights of a bona fide purchaser of real property, even where such purchaser does not actually exist, any transfer of real property not properly perfected as to a bona fide purchaser as of the petition date is of no effect against the debtor-in-possession.

The definition of a "bona fide purchaser", and thus the requirements for perfection against such an entity, are governed by state law.  *In re Sandy Ridge Oil Co., Inc.*, 807 F.2d at 1336, *supra*; *In re Great Plains Ranch Co., Inc.*, 38 B.R. 899, 905 (Bankr.C.D.Calif.1984).  The Court in *Great Plains* provided the background to § 544(a)(3) noting that it was added to the Bankruptcy Code in 1978 to extend the "strong-arm" voidance powers to a bona fide purchaser of real estate in addition to the voiding powers of a judicial lienholder as found in § 544(a)(2) and (a)(3).  Providing a clause as to real estate transactions separate from personal property was necessary due to differences found in many state laws.  The perfection of a security interest in personal property is generally dealt with pursuant to the applicable provisions of the state Uniform Commercial Code, and builds its priority scheme on the rights of creditors, while the law of real property is built around the recording acts which frequently do not speak of the rights of creditors, but of bona fide purchasers. *Id.* 38 B.R. at 905.

*Id.* at 593-94.

This Court deems Judge Lindquist's analysis in *Baldin* of the legal framework to be applied to this case to be exactly correct. The issue before the Court, as cogently stated by the Judge Lindquist, is "what legal effect does a defectively acknowledged mortgage, that has been

-9-

improperly received for recording, have on the constructive notice to a bona fide purchaser of real estate." *Id*. at 594.  The Plaintiffs here argue that the acknowledgment is defective as it fails to specify <u>who</u> appeared before the notary public.  In order to determine Indiana requirements for proper acknowledgments, the examination of the relevant Indiana recording statutes must follow next.

Indiana Code 32-21-4-1 [formerly 31-2-2-16], provides that constructive notice sufficient to defeat the interests of a bona fide purchaser is given only if certain instruments are recorded. This statute states:

> (1). (a) A:
>     (1) conveyance or mortgage of land or of any interest in land; and
>     (2) lease for more than three (3) years;
> must be recorded in the recorder's office of the county where the land is situated.
>
> (b) A conveyance, mortgage, or lease takes priority according to the time of its filing. The conveyance, mortgage, or lease is fraudulent and void as against any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration if the purchaser's, lessee's, or mortgagee's deed, mortgage, or lease is first recorded.

As stated in *Baldin:*

> (T)he purpose of this recording statute is to give subsequent purchasers constructive notice of prior conveyance. *In re Herr*, 79 B.R. at 798, citing, *Wienke v. Lynch*, 407 N.E.2d 280, 286 (Ind.App.1980).
> Compliance with this statute is effective to give constructive notice of prior conveyances and mortgages, assuming the documents themselves are in compliance with statutory requirements. As was stated in *Wienke v. Lynch*, 407 N.E.2d 280, 286, *supra*, and quoted by this Court in *In re Herr, supra*:
>> Constructive notice is a legal inference from established facts.  Deeds and mortgages, when properly acknowledged and placed on record as required by statute, are constructive notice of their existence, "and charge a subsequent grantee with notice of all that is shown by the record." (citation omitted) *Willard v. Bringolf*, (1936) 103 Ind.App. 16, 29, 5 N.E.2d 315, 321. (Emphasis

supplied).

*Id.* at 595.

Under Indiana law, a mortgage must meet the following requirements in order to be

recorded, as stated in I.C. 32-21-2-3:

> For a conveyance, a mortgage, or an instrument of writing to be
> recorded, it must be:
>
> (1) acknowledged by the grantor;  or
> (2) proved before a:
> >    (A) judge;
> >    (B) clerk of a court of record;
> >    (C) county auditor;
> >    (D) county recorder;
> >    (E) notary public;
> >    (F) mayor of a city in Indiana or any other state;
> >    (G) commissioner appointed in a state other than
> >    Indiana by the governor of Indiana;
> >    (H) minister, charge d'affaires, or consul of the
> >    United States in any foreign country;
> >    (I) clerk of the city county council for a consolidated
> >    city, city clerk for a second class city, or
> >    clerk-treasurer for a third class city;
> >    (J) clerk-treasurer for a town;  or
> >    (K) person authorized under IC 2-3-4-1.

Under Indiana law, an otherwise valid instrument which is not entitled to be recorded, is

improperly recorded, or is recorded out of the chain of title does not operate as constructive

notice, although it is binding upon persons having actual notice.  *Keybank Nat'l Ass'n v. NBD*

*Bank*, 699 N.E.2d 322, 327 (Ind Ct. App. 1998).  In addition, a mortgage which is recorded

without being duly acknowledged provides constructive notice to no one; *In re Arnol & Mildred*

*Shafer Farms, Inc.*, 107 B.R. 605, 609 (N.D. Ind. 1989) citing *Haverell Distributors, Inc., v.*

*Haverell Mfg. Corp.*, 58 N.E.2d 372, 375 (Ind. App. 1944).

Lastly, Indiana has codified an acceptable form of an acknowledgment in I.C. 32-21-2-7:

> The following or any other form substantially the same is a good
> or sufficient form of acknowledgment of a deed or mortgage:
>
> "Before me, E.F. (judge or justice, as the case may be) this

-11-

_____ day of _____, A.B. acknowledged the execution of the
annexed deed, (or mortgage, as the case may be.)"

Now, the Court must turn to the record before it.  The critical portion of the mortgage in

question is comprised of two (2) signature lines, followed by the acknowledgment. It looks

exactly like this:



The issue at the core of the dispute here is identical to that in *Baldin*, <u>supra</u>.  Here, as

there, the focus is on the fact that the acknowledgment fails to state <u>who</u> appeared before the

notary public.  The signatures immediately above the acknowledgment are the signature of the

mortgagor and the signature of Mark. J. Mullins, as witness.   The Plaintiffs argue that the

failure to include the name of the mortgagor as a person who appeared before the notary public

in the acknowledgment causes the acknowledgment to be defective.  Thus the issue arises:  Is

the acknowledgment executed in this case substantially the same as the form embodied in  I.C.

32-21-2-7?  After careful analysis, the Court determines that it is not.

Generally, the certificate of acknowledgment must disclose, in some way, the fact of the

personal appearance of the "acknowledger"  before the attesting official taking the

acknowledgment.  1 Am. Jur. 2d *Acknowledgments* § 60 (May 2004).

The *Baldin* decision is illustrative on the requirements of Indiana law, stating the

following:

> Pursuant to Indiana Law, a proper acknowledgment must provide the identity of the acknowledgers, and state that they are the same parties that executed the underlying instrument as well. If this is not done, and if such a defectively acknowledged instrument is recorded, it is nevertheless considered as never having been filed as such.  I.L.E. Acknowledgments, § 1, citing, Haverell Distributors v. Haverell Manufacturing Corp., 115 Ind.App. 501, 58 N.E.2d 372, 375 (1944).
>
> The Indiana Supreme Court recognized this general rule in *In re Sandy Ridge Oil Co., Inc.*, 510 N.E.2d 667 (Ind.1987), and while that Court criticized it, the court did not change that rule.  In that case the question was whether the failure to provide the preparer's signature on the recorded mortgage pursuant to I.C. 36-2-11-15 was fatal to the document, so that it did not operate to give constructive notice.  (*See, In re Sandy Ridge Oil Co., Inc.*, 807 F.2d at 1338, supra, wherein the Seventh Circuit certified the issue to the Supreme Court of Indiana).
>
> The Supreme Court of Indiana in Sandy Ridge clearly and unequivocally stated:
>
>> *This Court* has never addressed the effect of recording an instrument lacking the preparer's name required by statute, but *has long recognized the general principle that the recording of a document not entitled to be recorded does not afford constructive notice.*
>>
>> The first cases to cite this principle in Indiana regarded the general rule as well established but offered no supporting rationale. *Reed v. Coale* (1853), 4 Ind. 283, 287; *Deming v. Miller* (1864), 23 Ind. 416; *Watkins v. Brunt* (1876), 53 Ind. 208; *Etzler v. Evans* (1878), 61 Ind. 56; *Lapping v. Duffy* (1879), 65 Ind. 229; *Reeves v. Hayes* (1884), 95 Ind. 521.  The principle has since been frequently applied. *See, e.g., Kothe v. Krag-Reynolds Co.* (1898), 20 Ind.App. 293, 50 N.E. 594; *Sinclair v. Gunzenhauser* (1913), 179 Ind. 78, 135-36, 100 N.E. 376; *Rogers v. City of Evansville* (1982), Ind.App., 437 N.E.2d 1019; *Haverell Distributors Inc., v. Haverell Manufacturing Corp.*, (1944), 115 Ind.App. 501, 58 N.E.2d 372; *Starz v. Kirsch* (1922), 78 Ind.App. 431, 136 N.E. 36; *Bledsoe v. Ross* (1915), 59 Ind.App. 609, 109 N.E. 53; *Guyer v. Union Trust Co. of Indianapolis*

-13-

(1914), 55 Ind.App. 472, 104 N.E. 82.

*Id*. 510 N.E.2d at 669 (emphasis supplied).  The Supreme Court in *Sandy Ridge* held that mortgage was properly recorded, even though the preparer's name was missing.

. . .

In limiting its decision the Supreme Court also very clearly stated:

> *We emphasize that the recording requirements which affect the nature of the interest and the formalities of execution, if absent from a recorded instrument, will not be excused so as to permit the improper document to be afforded constructive notice.*  By our decision today, we hold only that the omission of the preparer's name, contrary to the requirements of Section 15, does not operate to deprive a recorded document of the constructive notice to which it would otherwise be entitled.

*Id*. 510 N.E.2d at 671. (Emphasis supplied).

The discussion by the Appellate Court of Indiana, in *Haverell Distributing, Inc. v. Haverell Mfg. Corp.*, 115 Ind.App. 501, 58 N.E.2d 372, 374 (Ind.App.1944), cited with approval by Supreme Court of Indiana in *In re Sandy Ridge Oil Co., Inc.*, 510 N.E.2d at 669, *supra*, which involved the issue of the relative priorities of two chattel mortgages, is instructive.  The chattel mortgage by Haverell Mfg. Corp. to one Kruse did not evidence that it was acknowledged by the officers of Haverell Mfg. Co. as chattel mortgagor.  The facts of that case are not completely analogous as it involved the failure of a corporate officer to acknowledge the chattel mortgage.  However, the general principles enunciated in *Haverell* are relevant to the case at bar.  The *Haverell* court held that the chattel mortgage did not give constructive notice, and stated:

> By the weight of authority, where no form is prescribed by statute the tendency toward liberality in the construction of acknowledgments is especially strong. *Sanford v. Bulkley*, 1862, 30 Conn. 344; *Pruyne v. Adams, etc.*, 1895, 92 Hun 214, 36 N.Y.S. 361.
>
> Bearing this in mind as well as the rule prevalent in some jurisdictions that if the certificate and the instrument, read together and in connection, disclose the identity of the person making it as an authorized officer or representative of the mortgagor corporation can we say that the exercise of a practical liberality compels us to disregard the general principle on which the authorities are little short of unanimity, it being that a certificate of acknowledgment must, essentially, disclose the identity of the party acknowledging and to show that such party was the one who executed the instrument acknowledged?  We think not. *Wartell v. Peters Hotel Co.*, 1919, 70 Ind.App. 444, 123 N.E. 480; *People v. Webber*, 1919, 44 Cal.App. 120, 186 P. 406; *Hayden v. Westcott*, 1835, 11 Conn. 129;

-14-

*First Nat'l. Bank v. Baker*, 1895, 62 Ill.App. 154; *Salyerds v. Nichols*, Sup.1917, 167 N.Y.S. 50; *Pinckney v. Burrage*, 1864, 31 N.J.L. 21; Bowles v. Lowery, 1913, 181 Ala. 603, 62 So. 107.

Indulging all liberality in applying the test to the certificate attached to the instrument hereinbefore identified as No. 1 we cannot overlook the fact that in the instrument itself the mortgagors are designated, severally, Gravo Corp., Haverell Mfg. Co. and Adolph Hawerlander who subscribe themselves thereto, also severally, as Adolph Hawerlander, Haverell Mfg. Corp. and Gravo Company, Adolph Hawerlander, Pres't while the certificate evidences the acknowledgment of Adolph Hawerlander alone.

* * * * * *

We must hold, therefore, that the instrument was not entitled to filing as the chattel mortgage of the said corporation and that it must be considered as never having been filed as such. *See Kothe v. Krag-Reynolds Co.*, 1898, 20 Ind.App. 293, 308, 50 N.E. 594 and cases cited *supra. See also*, the case of *Universal Discount Corporation v. Raymond Brooks, Rec.*, Ind.App. [115 Ind.App. 591] 58 N.E.2d 369.

* * * * * *

Any conveyance, mortgage or other instrument which is recorded without being duly acknowledged is not constructive notice to any one. *Sinclair v. Gunzenhauser*, 1913, 179 Ind. 78, 98 N.E. 37, 100 N.E. 376; *Bledsoe v. Ross*, 1915, 59 Ind.App. 609, 109 N.E. 53; *Starz v. Kirsch*, 1922, 78 Ind.App. 431, 126, 136 N.E. 36; *Kothe v. Krag-Reynolds Co., supra*.

*Id.* 58 N.E.2d at 374-75. *See also, Guyer v. Union Trust Co.*, 55 Ind.App. 472, 104 N.E. 82 (1914), cited with approval by the Supreme Court of Indiana in *Sandy Ridge*. There the Court stated as follows:

Said chattel mortgage is signed by both said William Guyer and Charles B. Guyer, and immediately after their signatures is found the following in place of a certificate of acknowledgment; "In witness whereof the mortgagors have hereunto set their hands and seals this 3rd day of October, 1905. Benj. H. Dugdale, Notary Public. My commission expires May 26, 1908."

* * * * * *

. . .

It is thus clear that, notwithstanding the decision of the supreme Court in *Sandy Ridge*, the law of Indiana still requires compliance with the formalities of execution as required by the acknowledgment and recording statutes, and that failure to so comply will not constitute constructive notice to bona fide

-15-

purchasers and mortgagees.

*Baldin*, 135 B.R. 596-99.

Chase argues that the acknowledgment in question here meets the requirements of Indiana law.  In addition, Chase states that although the instrument also includes the signature of a witness, Mark Mullins, "and while this witness may be superfluous, it ought not be detrimental to proper recording";  Defendant's Brief pg. 3.  As noted earlier, Indiana requires strict compliance with its recording statute.  Thus, for the acknowledgment to be proper, it must state the name of the person who appeared before the notary public.  The acknowledgment in dispute here states the following, in the font of this decision:

> STATE OF INDIANA, LAKE County, ss:
> The foregoing instrument was acknowledged before me this 22nd day of April 1998, by    **[YES, THIS IS TOTALLY BLANK]**
>  WITNESS my hand and seal this date.  (Bolded words supplied).

In reading the document as a whole, as required by *Haverell*, Ind. App., 58 N.E.2d 372 (1944), can one ascertain the person whose signature was acknowledged before the notary public?  The answer is obviously in the negative.

The form of acknowledgment stated in I.C. 32-21-2-7 further underscores the requirement of Indiana law that in order to have a valid acknowledgment, the acknowledgment must clearly state <u>who</u> appeared before the notary public.  That statute states:

> The following or any other form substantially the same is a good or sufficient form of acknowledgment of a deed or mortgage:
>
> 'Before me, E.F. (judge or justice, as the case may be) this _____ day of _____, **A.B**. acknowledged the execution of the annexed deed, (or mortgage, as the case may be.)' [emphasis supplied].

Chase argues that the acknowledgment at issue here is substantially similar to the one codified in 32-21-2-7.  However, as stated by Judge Lindquist, "it is not the form of acknowledgment, but

-16-

rather its proper *completion* of the same that is at issue. *Baldin*, 135 B.R. at 599.[5]  Here, **the most critical** part of an acknowledgment is missing, i.e., the identity of the person who appeared before the attesting officer to certify that he/she had signed the instrument.  This error is only heightened here by the fact that two people signed the instrument, one as a mortgagor and the other as a witness, and there is thus no available inference that the person whose signature was acknowledged must be the mortgagor/grantor because that person alone signed the instrument.

       Lest one think that the Indiana Courts have exalted form over substance, it is critical to note several concepts.  First, we are dealing with interests in land – not a security interest in an inventory of plumbing fixtures, in chinchillas, in canned corn, or in a lawn and garden tractor.  Land.  Land is certainly the asset which people deem to be their most important "possession": There is no other "thing" more important historically in our culture that an interest in land, whether that interest be in a condominium, in a house, or in farm.  Land.  The transferring of interests in land has been entrusted to a system of records that allows people to be certain that this single most important asset in their lives is in<u>dee</u>d[6] going to be theirs, and that the encumbrances recorded with respect to this asset are in fact accurate and valid.  It is therefore absolutely imperative that transactions in land be guaranteed to vest title in the people who invested in those transactions, and that the investors know definitively the interests in the land in which they invest which may affect their interests in this singularly important asset.  The record of land transactions in the Recorder's Office provides this critical assurance.  Perhaps the most critical aspect of this "chain" of assurance is to guarantee as much as possible on the

---

     [5]  <u>See also</u> *In re Airport-81 Nursing Care, Inc.,* 29 B.R. 501 (Bankr. E.D. Tenn. 1983) [discussing Tennessee law]; *In re Biggs*, 377 F.3d 515 (6th Cir. 2004) [discussing Tennessee law].

     [6]  (no pun intended, of course)

face of an instrument that a person purported to have signed a document which affects interests in land actually did sign that document.  That is the function of an acknowledgment: an acknowledgment is nothing more, <u>but nothing less</u>, than the assurance on the face of the transactional record that a person who is represented by that record to have affected that record <u>actually did personally and voluntarily</u> execute a document upon which the chain of assurance depends.  Because of the critical role land has played and plays in our culture, and the critical role transactions in land have played and play in our economy, it is <u>absolutely</u> critical that the *bona fides* of a transaction which affects an interest in land be ascertainable from a public record.  It is for this reason that Indiana, and probably every other state, has enacted laws which provide objective assurances that records of transactions in land are reliable. Nothing is more important than to know that the person who purportedly signed a document affecting an interest in land actually signed that document; there is no more critical facet of the assurance of trust in the recording system than this.  While some statutory requirements regarding instruments to be recorded may have another purpose – the requirement of the identification of the preparer of an instrument stated in I.C. 36-2-11-15(b) almost certainly derives from the eternal contest between lawyers and realtors as to when the latter cross over into the former's economically protected territory [<u>See</u>, *State ex rel. Indiana State Bar Ass'n, v. Indiana Real Estate Ass'n, Inc.*, 244 Ind. 214, 191 N.E.2d 711 (1963)] – the requirement of a totally facially confirmable acknowledgment is not such a requirement.  Absent a system which guarantees that acknowledgments mean what they say without ambiguity, there is no critical assurance of the validity of transfers of interests in real property.

The Court's holding in this case further supports the policy of the recording statute:

> The purpose of the Indiana recording statutes in issue, is to put all the world on notice of prior liens and encumbrances thereby providing stability to commercial transactions involving the transfers and encumbrances of realty.  Strict compliance with this statute permits innocent third parties to rely on the authenticity

-18-

and validity of documents in that they were properly executed, acknowledged, and recorded. The Indiana legislature has recognized and adopted the general rule requiring identification of the acknowledger in the body of the acknowledgment before an instrument can be recorded. To hold that this requirement may be waived by leaving that space blank is to ignore the long standing case law in Indiana, the plain language of the statutes, and the apparent intent of the legislature.

*Baldin,* supra., at 601-02.

The Court concludes that an acknowledgment that fails to specifically state who appeared before an attesting officer to acknowledge his/her execution of a mortgage is not a valid acknowledgment. As a result, the recording of an instrument containing such a defective acknowledgment does not provide constructive notice to a bone fide purchaser, and the mortgage lien sought to be effected by that instrument may be avoided pursuant to 11 U.S.C. § 544(a)(3).

Because the Court finds that Chase's mortgage is voided pursuant to § 544(a)(3), it is not necessary for the Court to address the second count of the Plaintiff's complaint, mainly, whether or not Chase's mortgage can be modified in light of § 1322(b)(2).

The final issue is the effect of 11 U.S.C. § 551 on the determination made in this action. That section in pertinent part states:

> Any transfer avoided under section . . . 544 . . . of this title, . . . is preserved for the benefit of the estate but only with respect to property of the estate.

If the debtor could have avoided Chase's mortgage without the invocation of section 544, it might be a different story (it might not be), but the debtor cannot independently avoid the lien in that the mortgage is valid between the debtor and Chase despite its deficiencies as record notice of an incumbrance; *See*, *Baldin, supra.*, at 594; *In re Dunn*, 109 B.R. 865, 873 (Bankr. N.D. Ind. 1988). The debtor has pursued this avoidance action on behalf of the estate with the Trustee's consent and/or in conjunction with the Trustee, and the value of the lien position of

-19-

Chase inures to the benefit of the estate in such manner that the amount of equity in the property established by the indebtedness owed to Chase on the date of the filing of the petition, in the position occupied by Chase *as if the mortgage had not been avoided*, now becomes property of the estate, subject to such other interests to which the mortgage interests of Chase would have been subordinate had Chase's lien not been avoided; *See, e.g,*, *In re Lynum*, 246 B.R. 537 (Bankr. E.D. Ky. 2000); *In re Carvell*, 222 B.R. 178 (1st Cir. BAP 1998).[7]

<u>CONCLUSION</u>

Based upon the foregoing, **IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

A.      The lien interests of Chase Manhattan Mortgage Corporation ("Chase"); of Deutsche Bank National Trust Company, as Custodian Trustee f/k/a Bankers Trust Company of California; and of Bankers Trust Company of California a/k/a California Bankers Trust Company in the debtor's properties commonly described as 4969 Adams Street, Gary, Indiana and as 3615 Connecticut Street, Gary, Indiana, are avoided pursuant to 11 U.S.C. § 544(a)(3).

B.      Judgment by default is hereby made against Advanta Finance Corp. as to any interests it has, or may claim to have, with respect to the debtor's properties commonly described as 4969 Adams Street, Gary, Indiana and as 3615 Connecticut Street, Gary, Indiana.

C.      The lien interests of Chase Manhattan Mortgage Corporation ("Chase"); of Deutsche Bank National Trust Company, as Custodian Trustee f/k/a Bankers Trust Company of California; and of Bankers Trust Company of California a/k/a California Bankers Trust Company in the debtor's properties commonly described as 4969 Adams Street, Gary, Indiana and as 3615 Connecticut Street, Gary, Indiana are preserved for the benefit of the debtor's bankruptcy

---

[7] Issues concerning the manner in which the debtor's plan must provide for the value of the avoided interest, or concerning any exemption which might be available to the debtor with respect to the subject property in view of the lien avoidance – are not before the Court.

-20-

estate in Case Number 04-60428 in the United States Bankruptcy Court for the Northern

District of Indiana, pursuant to 11 U.S.C. § 551.

Dated at Hammond, Indiana on September 13, 2005.

_____
J. Philip Klingeberger
United States Bankruptcy Court

Distribution:
Attorneys of Record